

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00401-CV

_____

MARVIN L. TROUTMAN, Appellant

V.

NASA FEDERAL CREDIT UNION, Appellee

On Appeal from County Court at Law No. 1
Parker County, Texas
Trial Court No. CIV-20-0419

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

Appellant Marvin L. Troutman appeals from the trial court's order granting appellee NASA Federal Credit Union's motion for summary judgment on its claim for breach of contract. Because Troutman has failed to file a substantially compliant brief, to correct the brief even though given the opportunity to do so, and to reasonably explain the failure, we dismiss his appeal for want of prosecution.

Troutman borrowed $29,952 from NASA and signed a fixed-rate loan agreement. Troutman accepted the funds but later failed to make the required installment payments. NASA filed a breach-of-contract suit against Troutman and moved for summary judgment, arguing that it had conclusively established Troutman's breach. Troutman did not respond to the motion.[1] The trial court set the motion for a hearing, but Troutman did not appear. The trial court granted NASA's motion, awarded NASA attorney's fees, and entered final judgment in favor of NASA. Troutman filed a notice of appeal.

On January 20, 2021, Troutman filed a brief in which he asked this court "to restrain the public, to exclude the public and press, to proceed 'Ex Parte' to hear my special private equitable cause as a private Citizen of the United States." He named

---

[1]Shortly after NASA filed its summary-judgment motion, Troutman sent the trial court clerk a letter discussing his purported status as an "occupant of the office of surety," defining "tender" and "surety," declaring himself "discharged as surety," and enclosing $2.00 as a "special deposit." He did not mention the summary-judgment motion in the letter.

NASA and the trial court clerk as "Defendant(s)" and asserted that they "are trustees/co-sureties holding trust property that belongs" to Troutman. He included several "maxims," a "statement of indenture," and an "Affidavit of Truth." Apparently, Troutman was trying to file an original "special cause" in this court.

We notified Troutman that his brief failed to comply with the majority of the procedural requirements and required him to file an amended brief correcting the specified, formal defects no later than February 1. *See* Tex. R. App. P. 38.1, 38.9(a), 44.3. We warned that a failure to do so could result in this court striking the brief and dismissing his appeal. *See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3. Troutman has not responded or corrected his brief.

Troutman's tendered brief is in flagrant violation of the briefing rules. *See* Tex. R. App. P. 38.9(a). Although we warned that we could strike his brief and dismiss his appeal if he failed to comply, Troutman has not attempted to do so or to reasonably explain his failure. Accordingly, we strike Troutman's brief and dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered: March 25, 2021

3